**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Sayegh,<br><br>          Plaintiff,<br><br>v.<br><br>Automatic Data Processing Incorporated,<br><br>          Defendant. | No. CV-24-00277-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiff Peter Sayegh's Motion for Voluntary Dismissal (Doc. 140). Defendant Automatic Data Processing, Inc. ("ADP") does not oppose the dismissal if the Court grants the dismissal with prejudice or, in the alternative, without prejudice but with conditions (Doc. 148). Having reviewed the briefing and the relevant case law, the Court **grants** Plaintiff's Motion without prejudice.

## I. BACKGROUND

In February 2025, Plaintiff's counsel withdrew from this case. (Doc. 45.) Since then, Plaintiff claims he has contacted over 130 attorneys and yet been unsuccessful in securing new representation. (Doc. 148 at 3.) Plaintiff informs the Court that this litigation has taken a "profound toll" on his "mental, emotional, and physical health." (Doc. 140 at 1 n.1.) Therefore, Plaintiff seeks voluntary dismissal for two reasons. First, because he "cannot ethically proceed" given his professional duty to "withdraw when his physical or mental condition materially impairs his ability" to represent himself and "his ongoing obligations to other clients." (*Id.* at 2.) Second, "to protect Plaintiff's health from the risk

of a severe mental or nervous breakdown that could result if he were forced to continue litigating without modifications." (*Id.* at 3.)

## II. LEGAL STANDARD

Under Rule 41(a)(2), after an opposing party has served an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.* "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citation omitted).

## III. DISCUSSION

The decision to grant or deny a motion pursuant to Rule 41(a)(2) is "within the sound discretion of the trial court." *Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 986 (9th Cir. 1989). A court typically grants a voluntary dismissal unless doing so would prejudice the defendant. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). If dismissal is granted, a court may condition the dismissal on appropriate terms and conditions to protect the defendant's interests. *See Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 146 (9th Cir. 1982).

### A. Prejudice

"'Legal prejudice' is a term of art: it means 'prejudice to some legal interest, some legal claim, some legal argument." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1280 (9th Cir. 2023) (quoting *Westlands*, 100 F.3d at 97). Thus, a court evaluates if dismissal would harm "the rights and defenses available to a defendant in future litigation." *Westlands*, 100 F.3d at 97.

Here, Defendant argues the Court should grant Plaintiff's voluntary dismissal with prejudice. *See Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539–40 (N.D. Cal. 2005) (noting that dismissal with prejudice may be appropriate where it would be inequitable or prejudicial to a defendant to allow a plaintiff to refile an action). However,

in arguing whether the Court should dismiss with or without prejudice, Defendant cites case law from district courts in this circuit that have adopted a three-factor-test employed by the Eight Circuit. (Doc. 148 at 5–9.) That test is as follows:

> The following factors are relevant in determining whether the dismissal should be with or without prejudice: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal."

*Burnette v. Godshall*, 828 F. Supp. 1439, 1443–44 (N.D. Cal. 1993) (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)). Notably, "the Ninth Circuit has never endorsed those bases in a published decision and has expressly 'decline[d] to adopt the Eight Circuits analysis in *Paulucci*.'" *Dew Wealth Mgmt. LLC v. Wesley Leftwich*, No. CV-25-01416-PHX-DWL, 2025 WL 2958636, at *7 (D. Ariz. Oct. 20, 2025) (quoting *Westlands*, 100 F.3d at 97).

More importantly, the Ninth Circuit appears to reject these factors wholesale. *See Westlands*, 100 F.3d at 97 ("We have explicitly stated that the expense incurred in defending against a lawsuit *does not amount to legal prejudice*." (emphasis added)); *Kamal*, 88 F.4th at 1282 ("Defendants argue that when deciding whether dismissal should be with or without prejudice, the district court may consider other factors 'not rising to the level of legal prejudice,' such as 'the defendant's effort and expense involved in preparing for trial' and 'excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action,' and may dismiss with prejudice if warranted by these considerations. *But we have already rejected similar arguments*." (emphasis added)). Such rejection tracks the Ninth Circuit's narrow interpretation of what amounts to legal prejudice:

> Uncertainty because a dispute remains unresolved is not legal prejudice, and the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice. Additionally, the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice, and plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal.

*Kamal*, 88 F.4th at 1280 (citation modified). Accordingly, the Court will not endorse

Defendant's three-factor-approach and will only evaluate whether granting Plaintiff's voluntary dismissal will prejudice "some legal interest, some legal claim, some legal argument." *Westlands*, 100 F.3d at 97.

Here, Defendant asks the Court to grant Plaintiff's dismissal *with prejudice* because "ADP has incurred significant effort and expense preparing for trial in this matter." (Doc. 148 at 5.) The Court rejects this argument. "[E]xpense[s] incurred in defending a lawsuit do[] not amount to legal prejudice." *Westlands*, 100 F.3d at 97.

Next, Defendant argues that "allowing Plaintiff to voluntarily dismiss without prejudice unless and until he obtains outside outside-counsel has the potential to create a significant boon for Plaintiff to ADP's detriment." (Doc. 148 at 2.) Even if true, such a windfall would not establish legal prejudice. "[P]lain legal prejudice does not result . . . where a plaintiff would gain a tactical advantage by that dismissal." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

Defendant also argues dismissal with prejudice is warranted because "Plaintiff waited nearly seven months to move to voluntarily dismiss so he could find new counsel—and during that time, he deployed an aggressive litigation strategy that significantly escalated the cost of litigating this case, often in wholly unnecessary ways." (Doc. 148 at 7.) Defendant adds that "any successful re-filing would result in the entire process resetting, potentially leading to *years* of litigation, when proceeding as currently scheduled could result in a resolution on the merits within months." (*Id.* at 8.) The Court rejects these arguments for three reasons. First, "[u]ncertainty because a dispute remains unresolved is not legal prejudice." *Westlands*, 100 F.3d at 97. Second, "the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Third, the Ninth Circuit appears to reject the idea that excessive delay in prosecuting an action amounts to legal prejudice. *See Kamal*, 88 F.4th at 1282. But if not, Defendant fails to even make this argument. Defendant argues Plaintiff delayed in moving for voluntary dismissal *not* prosecuting his case. In fact, Defendant acknowledges Plaintiff intensely

prosecuted his case: "Plaintiff has put in substantial effort litigating this case since he filed his notice of appearance in November 2024"; "[Plaintiff] deployed an aggressive litigation strategy"; "Plaintiff has represented to the Court that he has contacted over 130 attorneys in an unsuccessful effort to secure new representation"; "Plaintiff sought extensive additional discovery from ADP" and "initiated multiple lengthy meet-and-confers over his discovery-related spreadsheets." (Doc. 148 at 3, 7.)

Finally, Defendant argues that the Court should grant Plaintiff's dismissal with prejudice because "the likelihood that Plaintiff would or could successfully re-file his claims is remote." (*Id.* at 8.) Defendant bases this argument on its contention that "the likelihood of Plaintiff finding another attorney to represent him in related litigation appears reasonably slim." (*Id.* at 9.) Defendant asks too much; speculation cannot provide the bases for a finding of legal prejudice. *See Plastronics Socket Partners Ltd. v. HighRel Inc.*, No. CV-18-03201-PHX-SMB, 2020 WL 377130, at *4 (D. Ariz. Jan. 23, 2020) (holding that dismissal without prejudice was appropriate because defendant's "theory that Plaintiffs only filed this Motion to avoid a near certain adverse ruling is entirely speculative"). Further, Defendant has not established any manifest harm to its "rights and defenses available . . . in future litigation" by permitting Plaintiff the possibility of refiling. *See Westlands*, 100 F.3d at 97.

Accordingly, the Court grants Plaintiff's Rule 41(a)(2) voluntary dismissal without prejudice.

**B. Conditions**

Here, Plaintiff states he "is willing to accept a reasonable condition that any refiling of this action may occur only if Plaintiff secures new counsel" to ensure "that any future litigation will proceed in an orderly and fair manner, while avoiding recurrence of the present difficulties." (Doc. 140 at 3.) Defendant responds that, in addition to this condition, the Court should either "(i) condition Plaintiff's voluntary dismissal without prejudice on an award of ADP's costs and reasonable attorneys' fees, or (ii) dismiss Plaintiff's claims on the condition that Plaintiff must pay ADP's costs and attorneys' fees

- 5 -

in the event Plaintiff re-files the same or substantially similar claims in any court in the future." (Doc. 148 at 9.) The Court agrees with Plaintiff and will only impose the condition that Plaintiff must secure new counsel before refiling.

Rule 41(a)(2) permits a Court to grant a motion for voluntary dismissal "on terms that the court considers proper." Thus, "[t]he decision as to the terms and conditions that should be imposed, if any, is within the discretion of the trial court." *Cerciello v. Blackburn Truck Lines Holding Co.*, No. 89–55789, 1990 WL 161724, at *2 (9th Cir. Oct. 23, 1990); *see also Hargis v. Foster*, 312 F.3d 404, 407 (9th Cir. 2002). Importantly, the "[i]mposition of costs and fees as a condition for dismissing without prejudice is not mandatory." *Westlands*, 100 F.3d at 97; *see also Stevedoring Servs.*, 889 F.2d at 921 ("Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed.R.Civ.P. 41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal."). Additionally, a defendant can "only be awarded attorney fees for work which cannot be used in any future litigation." *Westlands*, 100 F.3d at 97.

Defendant argues that "the risk of duplicative expenses in a second litigation is high." (Doc. 148 at 10.) However, Defendant's arguments are theoretical. First, although Defendant acknowledges it has "already had to file two answers in this case," it asserts "any re-filed complaint will most likely require a new and unique answer." (*Id.* at 11.) Defendant does not provide any support for this prediction. Regardless, the Court is not persuaded Defendant cannot reuse its prior work. Because Defendant has already responded to two complaints in this case, it is more likely that Defendant will be able to again use this existing work if it had to respond to a re-filed complaint.

Second, Defendant fails to identify which of its fees and costs it cannot repurpose. Instead, Defendant blanketly states "much of ADP's work in this litigation is unique to the circumstances and cannot be repurposed in any future litigation on the same or similar claims—for example, the unnecessary filings due to Plaintiff's refusal to engage reasonably on certain litigation positions." (*Id.*) Defendant does not explain what filings

1  it is referencing; it only directs the Court to page three of its response which summarizes a
2  myriad of frustrations with Plaintiff's discovery disputes, motions, and claims. But
3  Defendant does not explain how it cannot reuse its work in response to these actions. Thus,
4  in its discretion, the Court declines to award Defendant its attorney's fees because
5  Defendant has failed to establish which of its work cannot be used in future litigation. *See*
6  *Site 2020 Inc. v. Superior Traffic Servs.*, LLC, No. CV 21-63-M-DLC-KLD, 2024 WL
7  5399254, at *6 (D. Mont. Oct. 25, 2024), report and recommendation adopted, No. CV
8  21-63-M-DLC, 2025 WL 1260994 (D. Mont. May 1, 2025) (rejecting defendant's
9  argument that "a significant portion of expenses" could not be "used in any future
10 litigation," and thus denying attorney's fees, because defendant failed to "support this
11 conclusory assertion with any additional argument, explanation, or evidence demonstrating
12 which, if any, of the fees and costs it incurred were work it would not be able to use in
13 future litigation"); *see also Flex Prods., Inc. v. Valley Slurry Seal Co.*, No.
14 09cv2220-WQH-JMA, 2010 WL 2509932, at *2 (S.D. Cal. June 16, 2010) (declining to
15 award Defendant attorney's fees or costs as a condition of dismissal because "Defendant
16 has failed to itemize its fees and costs, or explain which, if any, of its fees and costs
17 represent 'work which cannot be used in any future litigation' between the parties (quoting
18 *Westlands*, 100 F.3d at 97)).
19     Accordingly, the Court finds that the parties must bear their own fees and costs.
20 **IV. CONCLUSION**
21     Accordingly,
22     **IT IS HEREBY ORDERED granting** Plaintiff's Rule 41(a)(2) Motion for
23 Voluntary Dismissal without prejudice (Doc. 140).
24     **IT IS FURTHER ORDERED** that Plaintiff may not re-file another complaint
25 regarding this case without first acquiring legal representation.
26     **IT IS FURTHER ORDERED** denying any pending motions as moot.
27     …
28     …

1     **IT IS FURTHER ORDERED** directing the Clerk of the Court to close this case.

2     Dated this 5th day of November, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge